IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RUSSELL WELLINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>C.O. MANESS, et al.,<br><br>    Defendants. | No. 04-1331-T/An |

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER REAFFIRMING PREVIOUS AND IMPOSING FURTHER SANCTIONS

Plaintiff, Russell Wellington, prisoner number 122766, an inmate at the Turney Center Industrial Prision ("TCIP"), has filed another complaint[1] and amended complaint under 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis. The Clerk shall record the defendants as Correctional Officer Maness, L. Martine, A. Jones, T. Woods,

---

[1] Wellington has previously filed five civil rights actions. Three of those actions were dismissed as frivolous.

1.  Wellington v. Compton, No. 93-2152-Ml/Bro (W.D. Tenn. 1993)(dismissing § 1983 on various defendants' Rule 12(b)(6) and 56 motions).

2.  Wellington v. Compton, No. 94-2138-H/A (W.D. Tenn. 1994)(dismissing § 1983 action as frivolous under 28 U.S.C. § 1915(d);

3.  Wellington v. Compton, No. 94-3039-H/A (W.D. Tenn. 1995)(dismissing § 1983 action as frivolous under 28 U.S.C. § 1915(d) after opportunity to amend);

4.  Wellington v. Compton, No. 94-817 (M.D. Tenn. 1995)(dismissing § 1983 complaint as frivolous under § 1915(d); and

5.  Wellington v. Conley, No. 96-3092-D/V (W.D. Tenn. 1996)(dismissing § 1983 complaint under 28 U.S.C. § 1915(g)).

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 6/22/05

Corrections Corporation of America (CCA), and Hardeman County Correctional Facility (HCCF) Medical Department.

Wellington is not entitled to proceed under § 1915(b) of the Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub. L. 104-134, 110 Stat. 1321 (1996), which provides that the filing fee may be paid in installments, however, because another provision of the PLRA, 1915(g), severely restricts plaintiff's filing privileges. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) operates to bar prisoners from filing further in forma pauperis actions based on dismissals entered before the statute was enacted. Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

In Wellington v. Conley, No. 96-3092-D/V (W.D. Tenn. Dec. 19, 1996), the Court notified Wellington that he is no longer eligible to file in forma pauperis actions unless he "is under imminent danger of serious physical injury." In accordance with the order entered Dec. 19, 1996, unless Wellington can demonstrate that he is now under imminent danger of serious physical injury, he cannot proceed under § 1915(b).

The threshold requirement for a prisoner seeking to demonstrate that he is exempt from § 1915(g) restrictions is an allegation of "imminent danger of serious physical harm." See Pigg v. Federal Bureau of Investigation, 106 F.3d 1497, 1497 (10th Cir. 1997); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). In determining the "imminence" of the danger, the courts look at the risk as of the time the complaint is filed, not when the alleged incident occurred. Ashley v. Dillworth, 147 F.3d 715, 717 (8th Cir. 1998)(holding that "statute's use of the

2

present tense verbs "bring" and "is" demonstrates . . . prisoner is only eligible . . . if he is in imminent danger at the time of filing"); Banos v. O'Guinn, 144 F.3d 883, 884 (5th Cir. 1998)(holding the "plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit"). See also Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998)(following Banos and noting inconsistency in district court determination that district court filing was barred by § 1915(g) while simultaneously granting leave to proceed in forma pauperis on appeal).

Appellate courts that have found or even questioned the existence of an imminent danger have all dealt with a serious risk of personal attack by other inmates. See Choyce, 160 F.3d at 1069 (plaintiff subjected, seventeen months before filing case, to repeated beatings by prison guards); Ashley, 147 F.3d at 717 (plaintiff attacked with a sharpened, nine-inch screwdriver after prison officials allegedly failed to protect him); Gibbs v. Roman, 116 F.3d at 84 (plaintiff allegedly attacked by inmates after employee revealed he was a government informant).

Wellington alleges he was subjected to excessive force by defendants Maness, Woods, and Jones on November 8, 2004, during a fire in the segregation unit. He alleges that Maness sprayed him in the face with a fire extinguisher, Woods threatened him with pepper spray and directed that he be handcuffed, and Jones also threatened him with pepper spray and advised him he did not have time to address his medical complaints. Wellington alleges that Maness left his name off the list for medical attention and directed the nurse who came to the unit to tell plaintiff to sign up for sick call. Wellington alleges that he did not receive medical treatment for one week. He alleges that a male nurse gave him eyedrops after looking at his eyes but did not address his other complaints. Wellington alleges that he developed painful sores in his nostrils and continues to have shortness of breath. Wellington alleges that the medical department stopped his blood pressure medication on

3

December 8, 2004. He also alleges that defendant Martin refused to process his grievance on November 8, 2004. Wellington's amended complaint names CCA and the HCCF Medical Department as defendants and cites numerous instances of either denial of or inadequate medical treatment from October 13, 2003 until November 18, 2003.

Wellington filed the complaint on December 15, 2004, and the amended complaint on January 11, 2005. Wellington does not articulate any fact demonstrating that he was subjected to the use of force by the defendant officers on any occasion other than during the fire or that he is presently at risk of attack, injury, or harm. Plaintiff alleges that the defendants refuse to give him proper medical treatment and have discontinued his blood pressure medication. Although he alleges he suffered from dizzy spells and headaches when the medication was discontinued in 2003, he relates no symptoms or ill effects from the discontinuation of his blood pressure medication on December 8, 2004.

Wellington's allegations do not demonstrate that he is presently at risk of attack, injury, or harm. Accordingly, plaintiff fails to demonstrate that he is presently at risk or "in imminent danger of serious physical injury and the motion to proceed in forma pauperis is DENIED. Even if plaintiff's in forma pauperis privileges were not barred by § 1915(g), or even if he prepaid the full filing fee, this complaint would still be dismissed under 42 U.S.C. § 1997e(a), as Wellington's complaint contains multiple issues and his allegations are clearly insufficient to satisfy the exhaustion requirements of § 1997e(e).[2] Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

---

[2] Wellington attached a grievance to his complaint about the November 8th incident which names Woods, Maness, and Jones. The grievance was rejected because all copies were not "readable." Plaintiff attached copies of rejection notices for grievances that he filed regarding law books, legal work, a care package, and loss of property. He does not attach, nor does he allege that he filed, a grievance against Martin for her refusal to process his grievance. He does not attach, nor does he allege that he filed, a grievance for the denial of medical care on November 8, 2004, or for the discontinuation of his blood pressure medicine on December 8, 2004. Although he alleges in the amended complaint that "he has filed numerous grievances" for the lack of adequate medical treatment, he does not attach those grievances or relate the person named in the grievance, the specific issues raised, or dates the grievances were filed.

Accordingly, the complaint is DISMISSED under 28 U.S.C. § 1915(g) and 42 U.S.C. § 1997e(a). Plaintiff is, however, liable to the Court for the full $150.00 filing fee.[3] The filing fee in the amount of $150 shall be immediately withdrawn from Wellington's trust fund account at the TCIP. If the account contains less than $150, all amounts in the account shall be immediately withdrawn and forwarded to the Court until the filing fee is paid in full. As funds accumulate in plaintiff's trust fund account, those amounts shall be withdrawn from plaintiff's account and forwarded to the Clerk of the Court.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case under § 1915(g) also compel the conclusion that an appeal would be barred by § 1915(g). An appeal that would be barred by § 1915(g) lacks an arguable basis in law for proceeding in forma pauperis, and would disentitle the appellant to proceed in forma pauperis.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and § 1915(g), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

---

[3] This obligation to pay the entire filing fee accrued at the moment plaintiff filed the complaint with the Court, which, in this case, was the moment he deposited his complaint in the prison mail system. Plaintiff cannot avoid this obligation because the case is dismissed as frivolous. Furthermore, this fee shall be assessed against plaintiff's account at the prison without regard to other obligations whenever there is any money in his account.

5

The next matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. However, as noted, 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green, 90 F.3d at 417. Accordingly, if Wellington files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $255 from his prison trust fund account whenever funds are in the account, without regard to the installment payment provisions of § 1915(b). Furthermore, if Wellington files a notice of appeal, he must pay the entire fee within thirty days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

As 28 U.S.C. § 1915(g) bars plaintiff from filing further in forma pauperis cases, it is hereby ORDERED that Russell Wellington, prison registration number 122766, shall not be permitted to file any further actions in forma pauperis without first obtaining leave of Court.

Prior to the enactment of 28 U.S.C. § 1915(g), this Court had adopted the restrictions articulated in Winslow v. Romer, 759 F. Supp. 670, 683-85 (D. Colo. 1991) as the model for the Court's invocation of its inherent authority to impose sanctions. It is indisputable that the district courts possess such authority. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-50 (1991)(pre-PLRA case holding no constitutional right of access to the courts to prosecute an action that is frivolous or malicious); Mercer v. Fayette Circuit Court, 1995 WL 222181 (6th Cir. April 13, 1995)(pre-PLRA case noting that appellant filed nine frivolous lawsuits

arising out of state court prosecution); In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984)(pre-PLRA case holding courts possess inherent authority to sanction litigants for abusive repetitive filings). See also Gibson v. Gibbons, No. 97-2559-Ml/A (W.D. Tenn. Aug. 14, 1997)(invoking both § 1915(g) and court's inherent power to restrict prisoner's filing privileges). Nothing in amended 28 U.S.C. § 1915(g) restricts this authority. Further, the Court concludes that 28 U.S.C. § 1915(g) lowers the threshold for the Court's use of this inherent power. Accordingly, the Court will require that plaintiff comply with both 28 U.S.C. § 1915(g) and the further restrictions and conditions enunciated below.

To obtain leave of Court, Wellington must file an affidavit similar to that required by the district court in Winslow, 759 F. Supp. at 683-85. Additionally, he must file any further complaints on a form available from the Clerk of Court.

To request leave of Court, plaintiff shall file, along with any future complaint:

1) a motion requesting permission of the Court to file;

2) an affidavit certifying under penalty of perjury:

    a) that he has read and understood Rule 11 of the Federal Rules of Civil Procedure;

    b) that the complaint contains claims he knows to be reasonably based in law and fact;

    c) that he is aware that filing any further frivolous actions will result in the imposition of additional sanctions by the Court;

    d) that he is in imminent danger of serious physical injury (describing in detail the nature of the danger, why it is imminent, and the nature of the serious physical injury);

    e) that either:

        1) none of the defendants to the new action were defendants in any previous action that was dismissed as frivolous; OR

        2) that some of the defendants to the new action were defendants in a previous action that was dismissed as frivolous, but that the plaintiff has compared the claims in the frivolous case with the claims in the new case, and

7

        that he does not seek to sue those defendants on any claims that could have been litigated in that case; and

f)    that he has been sanctioned by this Court in this case, and state the style, jurisdiction, and docket number of this action.

Any complaint submitted by plaintiff without this motion and affidavit will not be filed but will be immediately returned to the plaintiff for failure to comply with this order. Furthermore, the Court may then impose further sanctions against the plaintiff, including a further monetary fine, which may be collected directly from his prison trust fund account.

The Clerk of Court is ORDERED not to file, open on this Court's docket, assign a new docket number, or assign to a judge, any further case whatsoever submitted by this plaintiff unless specifically directed to do so by a district judge or magistrate judge of this district.

Finally, a copy of this order shall be sent to the TCIP Warden and to TDOC Commissioner.

IT IS SO ORDERED this 20th day of June, 2005.

                                            JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:04-CV-01331 was distributed by fax, mail, or direct printing on June 22, 2005 to the parties listed.

---

Russell Wellington
122766
1499 R.W. Moore Memorial Highway
Only, TN 37140--405

Honorable James Todd
US DISTRICT COURT